UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE NOGESS                                    CIVIL ACTION

VERSUS                                             NO. 16-15227

POYDRAS CENTER, LLC et al.                         SECTION: A(5)

## ORDER

Before the Court is an **Amended Motion to Remand to State Court (Rec. Doc. 67)** filed by Plaintiff Michelle Nogess. Plaintiff Debra Yates joins the Motion. (Rec. Doc. 69). Defendant Velocity Consulting, Inc. ("Velocity") opposes the Motion. (Rec. Doc. 76). Defendant Clampett Industries joins Velocity's opposition. (Rec. Do. 77). The Motion, set for submission on March 8, 2017, is before the Court on the briefs without oral argument.

**I.   Background**

This matter arises out of an accident wherein Tyrone Nogess drove a vehicle through the barrier system of the Poydras Center parking garage, fell to the ground in his vehicle, and died. His widow, Plaintiff Michelle Nogess brought a lawsuit on behalf of her husband, herself, and her children against Defendants: Poydras Center LLC, Poydras Center Manager LLC, Bobby Schloegel, the Travelers Casualty Company, Clampett Industries LLC, and Velocity Consulting, Inc. Plaintiff Debra Yates also brought a lawsuit against Defendants claiming damages as a result of sitting in her car next to the impact zone where Tyrone Nogess fell. Defendant Velocity Consulting then removed this case to Federal Court.

**II.   Analysis**

Plaintiffs now move to remand this matter to state court alleging that Velocity failed to meet its burden to allege citizenship of the parties on the face of its amended removal notice. Plaintiffs further argue that Defendant Bobby Schloegel was not improperly joined in this matter.

1

Defendants argue that Plaintiffs waived any procedural defects by failing to file a response to the amended notice of removal within the time period specified by the Court, that the Court should allow Velocity to amend its Notice of Removal, and that Bobby Schloegel was improperly joined in this matter.

### a. Notice of removal

The Court finds Velocity's argument that Plaintiffs waived any procedural defects of no avail. The Court further finds that Velocity's Notice of Removal is defective on its face. Several of the Defendants are limited liability companies. The citizenship of limited liability companies is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). In order to establish diversity of citizenship, the notice of removal "must allege diversity both at the time of filing the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993). The Amended Notice of Removal alleges diversity at the time of filing of Plaintiff's petition, but does not set forth the citizenships of the members of Poydras Center, LLC or Clampett Industries LLC at the time Velocity removed this case to federal court. (Rec. Doc. 65). Moreover, Velocity names Josam Defined Benefit Plan as a member of Poydras Center Member, LLC without identifying individual participants. (Rec. Doc. 65).

The Court finds that, under the circumstances, Velocity is permitted to amend its defective Notice of Removal. A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). *Richardson v. United Steel Workers of Am.*, 864 F.2d 1162, 1165 (5th Cir. 1989). After this 30-day period, a defendant may still amend its notice of removal in order to cure technical defects of jurisdictional allegations in a notice of removal. *Manzella v. United Parcel Service, Inc.*, 2002 WL 31040170, *8 (E.D. La. 2002) (Wilkinson, Joseph C.). Defendants

are allowed to more specifically set out the grounds for removal that have already been stated. *Giardina v. Mentor Corp.*, 1997 WL 346723, *1 (E.D. La. 1997) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., et al.*, 608 F.2d 145, 146 (5th Cir. 1979)). Therefore, Velocity is permitted to amend its amended notice of removal insofar as it cures only the technical defects of the notice of removal, including alleging citizenship of the members of each defendant limited liability company at the time of removal.

### b. Diversity Jurisdiction

The Court must now turn to the larger issue of jurisdiction, which turns on whether Bobby Schloegel was improperly joined. If Schloegel was improperly joined, then the Court has jurisdiction over this matter under 1332 diversity jurisdiction. However if Plaintiff has a valid claim against Schloegel, a Louisiana citizen, then diversity is destroyed and this Court no longer has jurisdiction over this matter.

Under the doctrine of improper joinder, or fraudulent joinder doctrine[1], "the presence of an improperly joined non-diverse defendant" does not defeat federal diversity jurisdiction. *Borden v. Allstate Ins. Co.*, 589 F.3d 168 171 (5th Circ. 2009). Courts must look at "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state or nondiverse defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Circ. 2006) (citing *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir.2004)). The removing party bears the burden of proof to demonstrate improper joinder, and the burden "is a heavy one." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999).

---

[1] The Court notes that the United States Court of Appeals for the Fifth Circuit has adopted the term "improper joinder" as the preferred term between improper joinder and fraudulent joinder. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir.2004).

In order to demonstrate improper joinder, the removing party "must either show '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Central R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 342 F.3d 400 (5th Cir.2003)). Velocity does not allege actual fraud in the pleading of jurisdictional facts, so only the second prong is at issue. Under this second prong, Courts look to whether "there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Id.* If there is no arguable basis for liability, then the Court must "conclude that the plaintiff's decision to join the local defendant was fraudulent." *Id.*

Plaintiffs contend that Schloegel, as chief engineer of the Poydras Center, may be held liable for his failure to question the adequacy of the vehicle barrier system. Velocity contends that Plaintiff was merely a "maintenance man" at the garage, and that Plaintiffs have no valid claim against Schloegel under Louisiana law.

Louisiana law, as Velocity points out, has set certain criteria to determine whether individual executive officers can be held personally liable to third parties:

> 1. The principal or employer must owe a duty of care to the plaintiff;
> 2. This duty must be delegated by the principal or employer to the employee in question;
> 3. The employee must have breached this duty through his own personal fault; and
> 4. Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he must have a personal duty to the plaintiff that was not properly delegated to another employee.

*Esco v. Smith*, 468 So.2d 1169, 1175 (La. 1985) (citing *Canter v. Koehring Company*, 283 So.2d 716, 721 (La.1973)). Velocity maintains that, should this matter be remanded to state court, Plaintiffs would not be able to prove that Schloegel's employer delegated a duty to him to maintain the structural safety of the garage, that Schloegel breached this duty, or that Schloegel owed a duty

4

beyond his general administrative responsibility for performance of his employment. If Plaintiff would not be able to prove the elements for personal liability of an employee, then there is no arguable basis for Schloegel's liability and the Court must "conclude that the plaintiff's decision to join the local defendant was fraudulent." *Smallwood v. Illinois Central R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).

In Plaintiffs' lawsuit, they allege that Poydras Manager, Poydras Center and Bobby Schloegel were negligent in:

> a. Failing to have a proper vehicle barrier system in the subject garage, including specifically the location at which the accident occurred;
> b. Failing to properly manage the subject parking garage including remedying the dangerous conditions which are visible during a simple walk through;
> c. Failing to properly mark the subject garage with adequate warnings relative to the inadequate barrier system;
> d. Failing to install vehicle speed bumps or humps so as to mitigate the danger and damages which could be caused by their dangerous vehicle barrier system;
> e. Failing to note the dangerous conditions of the vehicle barrier system in the inspection report, or alternatively, failing to note that the vehicle barrier system was not addressed in the inspection report;
> g. And all other acts of negligence, and violation of applicable codes as may be shown at trial.

Further, in Plaintiffs' motion to remand, they contend that Schloegel "presumably walked the parking garage and observed the general despair and inadequate design." (Rec. Doc. 67-1). They do not allege, however, that Schloegel "had any personal involvement in the construction" of the garage. See *Gautreau v. Lowe's Home Center, Inc.*, 2012 WL 7165280, *4 (M.D. La. 2012) (where the court held that plaintiff improperly joined a non-diverse defendant because she did not allege, and the facts did not show, that the defendant had any personal involvement that caused her injury or owed any duty beyond the general administrative responsibilities of his employment.).

Plaintiffs designate Schloegel as the chief engineer of the Poydras Center, but Schloegel states in his affidavit that he is the Vice President of Capital Projects for Hertz Investment Group,

5

that his "formal education consists of a high school degree," and that he has no formal education in architecture, engineering, civil engineering, structural engineering, or design. (Rec. Doc. 76-1). He further states that he did not participate in a review of the construction or design of the parking garage, that he was never delegated this duty by his employer, and that he had no notice or knowledge of a defective design or construction of the parking garage. (Rec. Doc. 76-1).

The Court finds that Velocity has met its burden of proving improper joinder because there is no possibility of recovery by Plaintiffs against Schloegel personally. Louisiana law would only hold Schloegel personally liable to Plaintiffs had he been delegated a duty by his employer to maintain the structural safety of the garage, and owed a duty beyond the general administrative responsibilities of his employment. See *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009) (citing *Canter v. Koehring Company*, 283 So.2d 716, 721 (La.1973)). The evidence must establish that Schloegel "owed an affirmative duty" to Plaintiffs that was delegated to Schloegel by his employer. *New Orleans Jazz and Heritage Foundation, Inc. v. Kirksey*, 40 So.3d 394, 405 (La. App. 4 Cir. 2010). This "requisite establishment of a personal duty has been continuously upheld in Louisiana jurisprudence." *Manning v. United Medical Corp. of New Orleans*, 092 So.2d 406, 411 (La. App. 4 Cir. 2004).

Plaintiffs' argument that Schloegel presumably at some point walked through the garage and noted the deficient barrier system, at most, amounts to an administrative duty. Louisiana law "requires that the defendant have a responsibility greater than general administrative responsibility" in order to be personally liable. *Manning v. United Medical Corp. of New Orleans, 092 So.2d 406, 411 (La. App. 4 Cir. 2004).* Schloegel's job required him to supervise "employees to perform maintenance of the garage, which includes tasks such as changing light bulbs, picking up trash, and otherwise keeping the garage clean." (Rec. Doc. 76-1). Schloegel states, and the

record reflects, that he was never delegated the task of overseeing the structural design of the parking garage. Indeed, the task overseeing the structural design of the parking garage appears to be beyond the scope of his employment and expertise. The facts show that Schloegel was never delegated the task of overseeing the garage's structural design and that he did not owe Plaintiffs a specific duty beyond his administrative duties. Thus, under Louisiana law, Schloegel cannot be held personally liable to Plaintiffs, so they would have no valid cause of action against Schloegel. Because Plaintiffs would have no possibility of recovery against Schloegel personally in state court, Plaintiffs' claims against Schloegel do not defeat diversity jurisdiction.

Accordingly;

**IT IS ORDERED** that the **Amended Motion to Remand to State Court (Rec. Doc. 67)** filed by Plaintiff Michelle Nogess is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Remand (Rec. Doc. 16) filed by Plaintiff Michelle Nogess is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion to Remand (Rec. Doc. 18) filed by Plaintiff Debra Yates is **DENIED** as moot.

New Orleans, Louisiana this 21st day of April, 2017.

 JAY C. ZAINEY
 UNITED STATES DISTRICT JUDGE