UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE NOGESS, ET AL.                                   CIVIL ACTION

VERSUS                                                    NUMBER: 16-15227
                                                          c/w 16-15234

POYDRAS CENTER, LLC, ET AL.                               SECTION: "A"(5)

## ORDER AND REASONS

Before the Court is the Motion to Compel Independent Medical Exam ("IME") of Plaintiff, Debra Ann Yates, Without Audio Recording filed by Defendants, Hertz Investment Group; Poydras Center Manager, Inc.; Poydras Center, L.L.C.; Bobby Schloegel; and Travelers Insurance Company ("Defendants"). (Rec. doc. 138). The motion is opposed by Plaintiff, Debra Ann Yates ("Yates"). (Rec. doc. 144). The Court granted Defendants' request for expedited review and conducted a hearing on the motion February 28, 2018. (Rec. docs. 139, 146, 147). Following the hearing, the Court issued a Minute Entry granting the motion and stating that written reasons would follow. (Rec. doc. 147).

In addition to the pleadings in the record and exhibits thereto, at the February 28th hearing, the Court accepted into evidence two additional exhibits offered by the parties: a report offered by Plaintiff's counsel concerning Yates' psychological condition authored by her social worker (rec. doc. 149, filed under seal) and a "Policy on Third Party Observation" issued to defense counsel by Dr. Megan Ciota, the neuropsychologist designated to conduct the proposed psychological examination of Yates. (Rec. doc. 148).

The Court has carefully considered the pleadings and arguments of counsel as well as the applicable law and determines that the motion should be granted for the following reasons.

First, the Court notes that the issue for decision is narrow: Whether Plaintiff's counsel should be permitted to audiotape the interview portion of the proposed IME.[1] Plaintiff has agreed to attend a psychological IME under Rule 35 of the Federal Rules of Civil Procedure, but only if any interview portion of the exam is tape recorded. (Rec. doc. 144 at p. 3). Defendants resist this condition, on the ground that

> [a]llowing the presence of a tape recorder would arguably have the same influence on the patient's responses, either consciously or subconsciously, as having plaintiff's counsel present in the room during the examination.

(Rec. doc. 138-1 at p. 4).

Plaintiff disputes this contention, stating in brief that the "issues of whether counsel can be present and whether a tape recording can be made of the interview are dramatically different issues" and that "there is no support whatsoever . . . either in the jurisprudence or in common sense" for Defendants to compare the two issues. (Rec. doc. 144 at p. 3.). After reviewing the jurisprudence, however, the Court disagrees with Plaintiff in this regard.

It is widely recognized that third parties, including counsel, should be prohibited from attending medical or psychological exams. While there are a limited number of cases where that has been allowed, *see, e.g.*, *Abdulwali v. Washington Metro Area Transit Auth.*, 193 F.R.D. 10, 13 (D.D.C. 2000) (listing examples), the federal cases excluding the plaintiff's attorney from IME's absent special circumstances are legion.

Among the reasons courts have favored exclusion of attorneys and other third parties in IME's are:

---

[1] Plaintiff has already agreed that a psychological examination, including testing, is appropriate. She has also agreed that she does not seek to record the actual testing, only the interview that Dr. Ciota proposes to conduct.

- to allow otherwise would "subvert the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard to evaluating the plaintiff's [medical] status." *Duncan v. Upjohn*, 155 F.R.D. 23, 26-27 (D. Conn. 1994);

- that the presence of counsel or an observer "would constitute a distraction during the examination and work to diminish the accuracy of the process ... thereby compromising the results of the examination." *Calderon v. Reederei Claus–Peter Offen GmbH & Co.*, 258 F.R.D. 523, 527 (S.D. Fla. 2009) (quoting *Romano v. II Morrow, Inc.,* 173 F.R.D. 271, 274 (D. Or. 1997);

- that "[t]he presence of a lawyer creates a potential ethical problem since he becomes a possible witness and might therefore have to withdraw as trial counsel." *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 629 (D. Kan. 1999) (quoting *Dodd–Anderson v. Stevens*, Nos. 92–1015–MLB, 92–1016–MLB, 1993 WL 273373 at *2 (D. Kan. May 4, 1993); and

- that the presence of an attorney "injects a partisan character into what should otherwise be a wholly subjective inquiry." *Id.* at 629 (quoting *Dodd–Anderson*, 1993 WL 273373 at *2); *see also Greenhorn v. Marriott Intern., Inc.*, 216 F.R.D. 649, 654 (D. Kan. 2003) (believing that the presence of a third party "can only threaten to turn the examination into a more adversarial process than it should be.").[2]

Likewise, there are ample decisions, including decisions in this circuit and district, that equate the tape recording of a medical or psychological examination to allowing counsel

---

[2] As noted earlier, counsel for Defendants also provided the Court with a statement of policy from Dr. Ciota, who is to conduct Yates psychological IME. In that statement, she cites many of the same bases as described in the aforementioned cases as reasons that she does not allow third-party observation, including tape recording, of her examinations. (Rec. doc. 148).

for the plaintiff to be present in the examination room. The detailed and well-reasoned opinion in *Ornelas v. Southern Tire Mart, LLC* is an example:

> Most courts analyze a request for a recording device the same way they evaluate whether to permit the presence of an attorney during a Rule 35 examination. *Calderon,* 258 F.R.D. at 529; *In re Falcon Workover,* No. Civ. A. 972628, 1999 WL 721945, at *1 (E.D. La. Sept. 15, 1999) ("[T]aping the psychiatric examination would be tantamount to allowing counsel for the claimant to be present in the room."); *Hertenstein,* 189 F.R.D. at 628 ("Whether to either allow a ... recorder or a third person at the examination of plaintiff raises only a single issue."). Because "[t]he introduction of a human or mechanical presence—whether a lawyer, a stenographer, a tape recorder, or other instrumentality—changes the nature of the proceeding," the court must be convinced that a protective order is necessary. *Tirado v. Erosa,* 158 F.R.D. 294, 299 (S.D. N.Y. 1994). Thus, in the same way third-party observations are disfavored, so too are the presence of recording devices, *Newman v. San Joaquin Delta Cmty. Coll. Dist.,* 272 F.R.D. 505, 514 (E.D. Cal. 2011); *Holland v. U.S.,* 182 F.R.D. 493, 495 (D.S.C. 1998), and therefore the party seeking to record or videotape an examination bears the burden of showing a "factual basis" amounting to good cause for the request. *Maldonado v. Union Pac. R.R. Co.,* No. 09–1187–EFM, 2011 WL 841432, at *3 n. 15 (D. Kan. Mar. 8, 2011); *Calderon,* 258 F.R.D. at 529. In other words, "special circumstances" for the request must be shown, as fairness and medical integrity considerations underlie the determination. *Newman,* 272 F.R.D. at 514–15; *Hirschheimer v. Associated Metals & Minerals Corp.*, No. 94 CIV. 6155(JKF), 1995 WL 736901, at *4 (S.D. N.Y. Dec. 12, 1995).
>
> *Ornelas*, 292 F.R.D. 388, 396-97, S.D. Tex. 2013).

Employing the framework set out by the foregoing authorities, this Court finds that it may allow Plaintiff's IME to be tape recorded if it finds the presence of special circumstances amounting to good cause for the request. While Plaintiff argued such circumstances are present here, the Court disagrees that the factual basis proffered by counsel rises to the level required to allow the IME to be tape recorded.

4

The sort of special circumstances that courts have found sufficient to justify recording an examination include

- where Plaintiff had a lengthy history of serious mental issues and the court had serious doubts "as to whether plaintiff [would] be capable of providing any assistance to his attorney in understanding what took place during the examination." *Schaeffer v. Sequoyah Trading & Transp.*, 273 F.R.D. 662, 664 (D. Kan. 2011);
- where the plaintiff had a third-grade education, was a non-English speaker, suffered from impaired memory and cognitive abilities, all of which impaired his ability to communicate to his counsel what occurred during the examination. *Maldonado v. Union Pac. R.R. Co.*, No. 09–1187–EFM, 2011 WL 841432 at *3 n. 15 (D. Kan. Mar. 8, 2011);
- upon the examining physician's request because of his representation that "with traumatized children, a child's facial expressions, body language, movements and behavioral enactments communicate medically significant information which can be captured on videotape." *T.B. ex rel. G.B. v. Chico Unified School Dist.*, No. CIV S–07–0926–GEB–CMK, 2009 WL 837468 at *2 (E.D. Cal. Mar. 26, 2009);
- where the court found a recording was necessary because of evidence brought forth by the plaintiff that the examining physician was abusive and had a predilection for ignoring court orders imposing conditions upon his examinations and had thus been disqualified from several cases previously. *Greenhorn*, 216 F.R.D. at 654.

When compared against these instances in which courts found recording an examination justified, it is clear to the Court that Yates' argument falls short.

As noted earlier, Plaintiff's counsel has presented for filing in the record a report authored by the Plaintiff's treating social worker, Christina Roux. As that record is sealed,

the Court will simply note that it closely reviewed the report, and will allude here only to that portion of the report read on the record by counsel at the hearing, which states that Plaintiff suffers from one of the most severe cases of post-traumatic stress disorder ("PTSD") that Ms. Roux has ever seen. In addition to this report, counsel for Plaintiff included as an exhibit to his opposition memorandum an affidavit executed by Yates that states, in pertinent part, the following:

> 16. I am nervous and somewhat fearful of an interview which is not going to be recorded. I am having a very hard time understanding why anyone would oppose an audio recording simply to document what was said. In light of the vigorous opposition to my simple request for an audio recording, I am now somewhat concerned about the questions that Dr. Ciota intends to ask me.
>
> 17. My concerns about the interview have been heightened by defense counsel's contention that Dr. Ciota would be adversely affected by the presence of an audio tape recorder. That suggests to me that Dr. Ciota would not ask me certain questions if others were permitted to hear them.
>
> 18. I don't understand how Dr. Ciota's conduct of my examination would be adversely affected by my attorney being able to see the exact questions asked and the exact answers given.
>
> (Rec. doc. 144-1).

Expanding upon his client's position at the hearing, counsel for Yates explained that he advised her that he would ask to have the examination taped and when Defendants refused, Yates became upset and concerned because she could not understand why Defendants would take that position.

While the Court has no reason to doubt that Yates might be nervous about the interview, this does not nearly rise to the level necessary for the Court to find "special circumstances" to allow the interview to be recorded. Indeed, were the Court to deem these

6

reasons sufficient to allow recording in this case, literally every plaintiff in every personal injury case in federal court would make the same argument, essentially bootstrapping themselves into position to demand that any examination be taped simply because their opponent – or the medical provider conducting the IME – objected to it.

Here, Dr. Ciota has provided, and the Court has reviewed, an objective statement justifying her policy of not allowing third-party observation or recording of examinations, which statement is supported by numerous general references from the American Academy of Clinical Neuropsychology and other similar bodies, as well as scientific peer-reviewed publications discussing the issue (including one indicating that 88 percent of testing psychologists do not allow third-party observation or recording of their testing). (Rec. doc. 148). While the Court has not reviewed all of the sources cited by Dr. Ciota, it has reviewed her policy statement, which is consistent with the many decisions cited above that frown upon the presence of attorneys and/or recording equipment in medical or psychological examinations.

After consideration of all the facts presented here, the Court finds that Yates has not established a factual basis amounting to good cause for her request to audiotape the IME by Dr. Ciota.

New Orleans, Louisiana, this  6th  day of _____March_____, 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE