UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE NOGESS                                    CIVIL ACTION

VERSUS                                             NO. 16-15227
                                                   c/w 16-15234

POYDRAS CENTER, LLC et al.                         SECTION: A (5)

## ORDER AND REASONS

Before the Court is a **Motion for Entry of Rule 54(b) Final Judgment (Rec. Doc. 206)** filed by Defendant Clampett Industries, LLC d/b/a EMG ("EMG"). Also before the Court is a **Motion for Entry of Final Judgment Regarding Summary Judgment in Favor of Velocity Consulting, Inc. (Rec. Doc. 205)** filed by Defendant Velocity Consulting, Inc. ("Velocity"). Neither motion is opposed. The motions, set for submission on July 25, 2018, are before the Court on the briefs without oral argument. Having considered the motions, memoranda of counsel, the record, and the applicable law, the Court finds that EMG's **Motion for Entry of Rule 54(b) Final Judgment (Rec. Doc. 206)** is **GRANTED** for the reasons set forth below. The Court further finds that Velocity's **Motion for Entry of Final Judgment Regarding Summary Judgment in Favor of Velocity Consulting, Inc. (Rec. Doc. 205)** is **GRANTED** for the reasons set forth below.

In an action involving more than one claim for relief, or when multiple parties are involved, Federal Rule of Civil Procedure 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Accordingly, the judgment must concern a separate and distinct claim (or claims), and it must in fact be a final determination of that claim (or claims). *See N.W. Enter. Inc. v. City of Houston*, 352 F.3d 162, 179 (5th Cir. 2003). The decision whether or not to make a Rule 54(b) determination is "left to the sound judicial discretion

of the trial court." *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002) (citing *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)).

Federal Rule of Civil Procedure 54(b) allows a district court to direct entry of final judgment as to one or more, but fewer than all, of the claims where multiple claims for relief are presented in an action. However, in order to do so, the district court must make an express determination that there is no just reason for delay and must expressly direct entry of judgment. Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In granting a motion to certify judgment under Rule 54(b), a district court must make two determinations. First, the district court must determine that "it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980). The judgment is deemed final if "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 7. The second finding the district court must make is that there is no just reason for delay in the entry of final judgment. *Id.* at 8.

First, in assessing the propriety of entering final judgment under Fed. R. Civ. P. 54(b), the district court must find that the ruling on which a finding of final judgment is sought is a sufficiently "final" determination of a claim. *See N.W. Enter. Inc*, 352 F.3d at 179. The Court notes its Order and Reasons from June 13, 2018. (Rec. Doc. 201). In its Order, this Court made

a ruling dismissing with prejudice Plaintiff's claims against EMG and Velocity in this lawsuit.[1] The Court held that neither EMG nor Velocity owed a legal duty to the Plaintiff in rendering their respective Property Condition Assessments. Therefore, the Court finds that its June 13, 2018 Order and Reasons is a final determination of all the claims in this suit involving EMG and Velocity.

Secondly, the Court finds there is no just reason for delay in entering a final judgment on these claims. The claims this Court previously dismissed against EMG and Velocity are distinct and separate from any remaining claims in this lawsuit. The Court agrees with Velocity in finding that there is no risk of piecemeal appeals. The claims against remaining Defendant Poydras Center do not involve the issues on which this Court based its ruling dismissing the claims against EMG and Velocity. Therefore, entering final judgment now would not create a risk that the Fifth Circuit may have to decide the same issue more than once. Finally, the Court agrees with EMG in finding that considerations of fairness and justice warrant the entry of final judgment as to EMG and Velocity, so that these entities are not subjected to unnecessary expenses and hardships that may arise through further protracted litigation.

For these reasons, the Court finds that there is no just reason for delay and enters final judgment on its ruling dismissing Plaintiff's claims brought against EMG and Velocity with prejudice.

Accordingly;

IT IS ORDERED that the **Motion for Entry of Rule 54(b) Final Judgment (Rec. Doc. 206)** filed by Defendant Clampett Industries, LLC d/b/a EMG is **GRANTED**;

---

[1] No cross-claims were brought against either EMG or Velocity. Nor did EMG or Velocity make any cross-claims, counter-claims, or third party demands. Therefore, the Court's June 13, 2018 Order and Reasons made a final determination as to all claims involving EMG and Velocity.

3

IT IS FURTHER ORDERED that the **Motion for Entry of Final Judgment Regarding Summary Judgment in Favor of Velocity Consulting, Inc. (Rec. Doc. 205)** filed by Defendant Velocity Consulting, Inc. is **GRANTED**.

August 7, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE